90

THE STATE, EX REL. MORITZ, DIR., DEPT. OF MENTAL HEALTH
AND MENTAL RETARDATION, *v.* TROOP, JUDGE, COURT OF
CLAIMS.

(No. 75-634—Decided December 3, 1975.)

Mr. *William J. Brown*, attorney general, and *Mr. Ronald Boyd Brown*, for relator.

Mr. *William J. Brown*, attorney general, and *Ms. Nina Rose Hatfield*, for respondent.

WILLIAM B. BROWN, J. The question presented is whether the jurisdiction of the Court of Claims extends to private persons and to subject matter other than claims against the state of Ohio. Inasmuch as that question involves the imminent exercise of an alleged usurpation of judicial power, the invocation of this court's original jurisdiction in prohibition is proper (*State, ex rel. Northern Ohio Telephone Co.*, v. *Winter* [1970], 23 Ohio St. 2d 6, 8; *State, ex rel. Safeco Ins. Co.*, v. *Kornowski* [1974], 40 Ohio St. 2d 20), and we proceed to the merits of the case.

By the enactment of the Court of Claims Act, R. C. Chapter 2743, the General Assembly has determined the court and the manner in which lawsuits are to proceed against the state. That Act is a remedial law, and R. C. 1.11 requires that such laws "and all proceedings under them * * * be liberally construed in order to promote their object and assist the parties in obtaining justice."

Looking to the language of the Act, we find that liability of the state is to be determined "in accordance with the *same rules* of law applicable to suits between private parties * * *." R. C. 2743.02(A). (Emphasis added.)

Practice and procedure in the Court of Claims is governed by the Rules of Civil Procedure, unless such rules are "inconsistent" with R. C. Chapter 2743. R. C. 2743.-03(D).

The Court of Claims has "full equity powers"; "exclusive, original jurisdiction of all civil actions against the state"; exclusive, but not original, jurisdiction of the claims in actions removed to that court; and jurisdiction over counterclaims, cross-claims and third-party claims. R. C. 2743.03(A).

"A civil action against the state shall be heard and determined by a single judge * * *" (R. C. 2743.03[C]), and "[n]o claimant in the Court of Claims shall be *entitled* to have his claim against the state determined by a trial by jury. Parties retain their right to trial by jury in the Court of Claims of any *claims not against the state.*" R. C. 2743.11. (Emphasis added.)

Relator argues that the language of the Act precludes bringing the subject pending action against state employees, essentially for the following reasons: (1) R. C. 2743.02 mentions only "its [the state's] liability"; (2) the definition of "state" in R. C. 2743.01(A) does not include employees; (3) R. C. 2743.13 provides for complaints or pleadings only "against the state"; (4) the jurisdiction of the Court of Claims is allegedly limited to actions "against the state" in R. C. 2743.03; (5) R. C. 2743.19, which provides for the rendering of judgments, is silent

as to judgments against individuals, and therefore a claim does not lie where judgment thereon is unavailable; and (6) if individual state employees are not excluded from being sued in the Court of Claims, the above-quoted portions of R. C. 2743.03(C) and 2743.11 allegedly allow for a conflicting decision on the same issue—scope of employment—were the court to try it as to the state, and a jury to try it as to the employee-defendant.

Those contentions are without compelling force. That the Act *mentions* liability of the state (R. C. 2743.02[A]), "awards against the state" (R. C. 2743.02[B]), "actions against the state" (R. C. 2743.03[A]), "judgments against the state" (R. C. 2743.12), "the complaint or other pleading asserted * * * against the state" (R. C. 2743.13[A]), and "execution * * * against the state" (R. C. 2743.19[B] is to imply that other types of liabilities, awards, actions, judgments and parties are contemplated by the Act and, resultantly, are included within the subject-matter jurisdiction of the Court of Claims. Certainly, we should not assume that all that is to be included in the Act is expressly so stated therein.[1]

As to possibly conflicting decisions by judge and jury, such are not clearly inevitable. First, it could only arise where the defendant-employee requests a trial by jury of a claim "not against the state." (R. C. 2743.11, *supra.*) In the subject action, such claim is that the employees acted outside the scopes of their employment. Inasmuch as the scope of employment is a question peculiarly susceptible to determination by a jury (*Nelson Business College* v. *Lloyd* [1899], 60 Ohio St. 448, paragraph two of the syllabus; *Kellerman* v. *J. S. Durig Co.* [1964], 176 Ohio St. 320, 324), the court is empowered to utilize the determination of the jury summoned to try the issue as to the defendant-employee, as an advisory determination of the rights of the other parties in the cause, or as a conclusive deter-

---

[1]Obvious omissions include a lack of detailed provisions for judgments in favor of the state. And R. C. 2743.13, *supra*, must allow for a pleading *not* against the state, such as the state's answer.

mination if all parties *consent* to a trial by jury. Civ. R. 39(C).[2]

From the foregoing, the only conclusion is that the Act neither expressly prohibits, nor clearly authorizes, the subject pending action against an individual state employee.

However, the vast wealth of the Civil Rules is available where the Act is silent concerning any aspect of practice and procedure. R. C. 2743.03(D), *supra.*

Civ. R. 20(A), in pertinent part, provides:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

Under that rule, respondent's proposed exercise of jurisdiction is proper, unless it is "inconsistent" with R. C. 2743.03(A).[3] R. C. 2743.03(D).

---

[2]Civ. R. 39(C) provides:

"In all actions not triable of right by a jury (1) the court upon motion or on its own initiative may try any issue with an advisory jury or (2) the court, with the consent of both parties, may order a trial of any issue with a jury, whose verdict has the same effect as if trial by jury had been a matter of right."

[3]R. C. 2743.03(A) reads:

"There is hereby created a Court of Claims. The Court of Claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in Section 2743.02 of the Revised Code, and exclusive jurisdiction of the claims of all parties in actions which are removed to the Court of Claims and determinations pursuant to Sections 5315.04 and 5315.05 of the Revised Code. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims."

This court holds that R. C. 2743.03(A) and Civ. R. 20(A) are not inconsistent. It appears that the major thrust of the statute is to assure that the state be answerable only in the Court of Claims, and that all removed actions be disposed of in the Court of Claims.

There is no reason to suppose that the statute was intended to foreclose the joinder of the defendant-employee herein *by the plaintiff*, when such joinder would be clearly proper *by the state* under a third-party claim (Civ. R. 14[A]), and in fact be beneficial to the state—which *should* favor joinder in the trial forum in order to assert any claim for indemnity[*] against its employee. See R. C. 2743.-35.

We also face the practical consideration that the time of the court and parties would be better spent if multiple, disjointed litigation is discouraged.

Prosser on Torts (3 Ed.) is quoted in footnote four of *Ryan* v. *Mackolin* (1968), 14 Ohio St. 2d 213, 217, in words wholly applicable to this case, as follows:

" 'The result of the refusal to permit joinder is that: (1) in the separate suits it is open to each defendant to prove that the other was solely responsible, or responsible for the greater part of the damage, and so defeat or minimize recovery; (2) it is equally open to the plaintiff to prove that each defendant was solely responsible, or responsible for the greater part of the damage, and so recover excessive compensation; (3) the two verdicts will seldom have any relation to one another; (4) different witnesses may be called in the two suits, or the same witness may tell different stories, so that the full truth is told in neither; (5) neither defendant may cross-examine the other, or his witnesses, and plaintiff may not cross-

---

[*]A procedure which is not authorized in the federal Court of Claims (*United States* v. *Gilman* [1954], 347 U. S. 507), but only because the legislative history indicated that recovery against employees by the government would be injurious to morale, and in excess of the sufficient punishment of discharge. Also, the court felt controlled by *United States* v. *Standard Oil Co.* (1947), 332 U. S. 301, wherein the court disallowed a claim by the government against a tortfeasor who had injured a soldier.

examine both in one action; (6) time and expense are doubled.' "

We conclude that respondent is properly exercising his jurisdiction over the subject proceeding in the Court of Claims, and, accordingly, the issuance of a writ of prohibition is unwarranted.

*Writ denied.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.