Basham, Appellee, *v.* Jackson, Dir. of Transportation, et al.; City of Cleveland, Appellant.

(No. 77-618—Decided June 21, 1978.)

Messrs. *Rini, Cosiano & Pedley,* and *Mr. Ralph V. Cosiano,* for appellee.

*Mr. Malcolm C. Douglas,* director of law, and *Mr. Thomas A. Smith,* for appellant.

*Per Curiam.* Appellant, city of Cleveland, contends that: municipal corporations are excluded from the jurisdiction of the Court of Claims under R. C. 2743.01 and

2743.03; the Ohio Rules of Civil Procedure do not govern procedures in the Court of Claims when such rules are inconsistent with the provisions of R. C. Chapter 2743; and R. C. 2743.11 does not give the Court of Claims jurisdiction over a municipal corporation.

R. C. 2743.03(A) reads, in part:

"There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *."

R. C. 2743.01 reads, in part:

"As used in Chapter 2743 of the Revised Code:

"(A) 'State' means the state of Ohio, including, without limitation, its departments, boards, offices, commissions, agencies, institutions, and other instrumentalities. It does not include political subdivisions.

"(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

Appellant urges that the language of the foregoing statutes that the Court of Claims has jurisdiction "of all civil actions against the state," and that the word "state" does not include "political subdivisions," such as municipal corporations, is a clear expression that the General Assembly intended to exclude municipal corporations from the jurisdiction of the Court of Claims.

R. C. 2743.03(D) provides, in part, that "[t]he Rules of Civil Procedure shall govern practice and procedure in all actions in the court [Court of Claims], except insofar as inconsistent with this chapter."

Civ. R. 20(A), the permissive-joinder rule, indicates that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession

or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

In *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90, 338 N. E. 2d 526, the court had before it the question of "* * * whether the jurisdiction of the Court of Claims extends to private persons and to subject matter other than claims against the state of Ohio." Specifically the issue in that case was whether state employees, who allegedly injured plaintiff, could be joined in an action against the state in the Court of Claims. It was there argued that the statutory language of R. C. Chapter 2743 precludes bringing an action against state employees in the Court of Claims for the reasons, *inter alia,* that R. C. 2743.02 mentions only the state's liability, and the definition of "state" in R. C. 2743.01(A) does not include employees.* The court held, at page 95, that "R. C. 2743.-03(A) and Civ. R. 20(A) are not inconsistent," and permitted the joinder.

This court can find no basis upon which to differentiate the instant cause from *Moritz.* Following that case, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

*In passing, it should be noted that R. C. 2743.02 was amended, effective February 7, 1978. R. C. 2743.02(E) now provides, in part: "The only defendant in original actions in the Court of Claims is the state. * * *"