OPINION
{¶ 1} Plaintiffs-appellants, PNP, Inc. ("PNP"), BLCC, Inc. ("BLCC") and Crestview Nursing and Rehabilitation Center, Inc. ("Crestview"), appeal from a judgment of the Franklin County Court of Common Pleas dismissing their action against defendants-appellees, the Ohio Department of Job and Family Services and Thomas Hayes, Director (collectively "ODJFS"). For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} Each of the appellants is an operator of a nursing home that participates in the federal Medicaid program as administered by ODJFS. In Ohio, Medicaid-funded nursing homes are reimbursed for the reasonable costs of their services on a prospective basis. In other words, ODJFS uses the amount of a prior period's allowable costs to calculate the reimbursement rate for a future period. Due to the prospective nature of the reimbursement system, when ODJFS calculates the rates for a particular year, it cannot account for extraordinary or unexpected costs nursing homes incur during that year. This failing, and its effect on appellants, is at the core of this case.
 {¶ 3} Starting October 22, 2001, the Ohio Department of Health increased the minimum nurse-to-patient staffing ratio that each appellant is required to maintain. In order to comply with the new regulation, each appellant hired additional nursing staff. However, the prospectively-calculated reimbursement rates for fiscal years 2002 and 2003 did not account for the increased employment costs appellants incurred. Seeking to recoup these costs, appellants used the only statutory remedy available to them — the rate reconsideration process. On October 22, 2002, appellants filed rate reconsideration requests with ODJFS in which they sought rate increases for fiscal years 2002 and 2003. In their requests, appellants sought additional reimbursement pursuant to R.C. 5111.27(F) and Ohio Adm. Code 5101:3-3-241 ("government mandate provisions"), as well as R.C. 5111.29 and Ohio Adm. Code 5101:3-3-24(C) ("extreme circumstances provisions"). R.C. 5111.27(F), and its corresponding rule, Ohio Adm. Code 5101:3-3-241, permit a Medicaid provider to request a rate adjustment to account for the reasonable additional costs the provider incurs in complying with the requirements of a government mandate. R.C. 5111.29(A)(2), and its corresponding rule, Ohio Adm. Code 5101:3-3-24(C), permit a Medicaid provider to request a rate reconsideration to compensate it for actual, allowable costs that have increased because of extreme circumstances.
 {¶ 4} In compliance with the process set forth in Ohio Adm. Code 5101:3-3-241 and 5101:3-3-24, each appellant provided ODJFS with documentation of the cost increases that resulted from their employment of additional nurses. PNP claimed it incurred a cost increase of $14.49 per patient per day, BLCC an increase of $14.69, and Crestview an increase of $12.77.
 {¶ 5} ODJFS denied appellants' requests for a rate increase pursuant to the government mandate provisions because it found that the requests were untimely. ODJFS granted appellants' requests for a rate increase pursuant to the extreme circumstances provisions, but awarded only $2.75 more per patient per day to PNP, $2.12 to BLCC, and $5.43 to Crestview. None of the appellants was satisfied with their rate increase because, as they allege in their complaint, the increases did not adequately reimburse them for the reasonable costs they incurred in employing additional nurses. Thus, on March 30, 2004, appellants filed suit against ODJFS, alleging that ODJFS violated both state and federal laws by refusing to adequately reimburse them. Further, appellants asserted a breach of contract claim and a claim under Section 1983, Title 42, U.S.Code. Appellants requested that the trial court issue a declaratory judgment, provide them injunctive relief, and award them the reimbursement money they claimed ODJFS wrongfully withheld.
 {¶ 6} In response to appellants' complaint, ODJFS moved for dismissal on two grounds: (1) lack of subject matter jurisdiction under Civ.R. 12(B)(1), and (2) failure to state a claim upon which relief could be granted under Civ.R. 12(B)(6). In part, ODJFS argued that the proper vehicle for challenging its decision was mandamus, not declaratory judgment. Before the trial court could rule upon this and ODFJS' other arguments, appellants filed their first amended complaint, in which they added a request for a writ of mandamus in the alternative to their requests for declaratory and injunctive relief. ODJFS replied by again moving for dismissal on Civ.R. 12(B)(1) and 12(B)(6) grounds.
 {¶ 7} On November 19, 2004, the trial court issued a decision and entry granting ODJFS' Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. Relying upon Morning ViewCare Ctr.-Fulton v. Ohio Dept. of Job Family Servs.,158 Ohio App.3d 689, 2004-Ohio-5436 ("Morning View II") and MorningView Care Ctr.-Fulton v. Ohio Dept. of Job Family Servs.,
Franklin App. No. 04AP-57, 2004-Ohio-6073 ("Morning View III"), the trial court held that appellants' requests for declaratory judgment, injunctive relief, mandamus, and monetary damages were inextricably intertwined. Because the Court of Claims is the sole forum available for actions seeking monetary damages against the state, even when such actions also include requests for equitable relief, the trial court held that the Court of Claims had jurisdiction over appellants' action. Appellants now appeal from this judgment and assign the following error:
THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS AS THE TRIAL COURT HAS SUBJECT MATTER JURISDICTION AND THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
 {¶ 8} By their only assignment of error, appellants argue that jurisdiction over its action is proper in the court of common pleas, not the Court of Claims. We agree.
 {¶ 9} When presented with a motion to dismiss for lack of subject matter jurisdiction made pursuant to Civ.R. 12(B)(1), a trial court must determine "whether any cause of action cognizable by the forum has been raised in the complaint." Stateex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. An appellate court reviews the grant of a Civ.R. 12(B)(1) motion to dismiss under the de novo standard. Howard v. Supreme Court ofOhio, Franklin App. No. 04AP-1093, 2005-Ohio-2130, at ¶ 6.
 {¶ 10} In the case at bar, whether the trial court has jurisdiction over this action turns upon the appropriate vehicle for seeking relief in these circumstances. As we recently decided in a case almost identical to this, that vehicle is a writ of mandamus.
 {¶ 11} In Ohio Academy of Nursing Homes v. Ohio Dept. of Job Family Servs., Franklin App. No. 05AP-562, 2005-Ohio-6888
("Ohio Academy"), the plaintiff brought suit against ODJFS after that agency denied the plaintiff's request for a rate adjustment to reimburse it for increased costs caused by a government mandate. Like appellants, the plaintiff in OhioAcademy sought declaratory judgment, injunctive relief, or alternatively, a writ of mandamus. The trial court dismissed the plaintiff's action because it found that the action, in essence, sought only legal damages and the jurisdiction for such an action lay exclusively with the Court of Claims. We disagreed. In doing so, we first held the plaintiff was limited to asserting a writ of mandamus because "where an agency's decision is discretionary and, by statute, not subject to direct appeal, a writ of mandamus is the sole vehicle to challenge the decision." Id. at ¶ 9. We found that this rule applied because ODJFS has discretion to determine whether to grant a rate adjustment due to a government mandate and ODJFS' discretionary decision is not subject to appeal. Id. at ¶ 11. Second, we held that the Court of Claims lacks jurisdiction to consider a writ of mandamus. Id. at ¶ 14. Rather, pursuant to R.C. 2731.02, "[t]he writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas * * *." Accordingly, we concluded that the court of common pleas had subject matter jurisdiction over the plaintiff's action.
 {¶ 12} To the extent that appellants challenge ODJFS' decision to deny it a rate adjustment under the government mandate provisions, Ohio Academy is directly controlling. Moreover, the reasoning of Ohio Academy also applies to appellants' claim that ODJFS did not increase their rates sufficiently to adequately reimburse them for costs incurred due to extreme circumstances.
 {¶ 13} Just as ODJFS has discretion to grant a rate adjustment under the government mandate provisions, ODJFS has discretion to grant an adjustment under the extreme circumstances provisions as well. In R.C. 5111.29(A)(2), the General Assembly directed ODJFS to enact rules providing that ODJFS "may
increase a facility's rate as calculated under sections 5111.23
to 5111.28 of the Revised Code if the facility demonstrates that its actual, allowable costs have increased because of extreme circumstances." (Emphasis sic). Following the General Assembly's mandate, ODJFS enacted Ohio Adm. Code 5101:3-3-24(C)(3), which states, "[a] rate reconsideration due to extreme circumstances will be granted at the discretion of ODJFS * * *."
 {¶ 14} Further, just as there is no statutory right to appeal ODJFS' decision whether or not to adjust rates due to a government mandate, there is no statutory right to appeal ODJFS' decision whether or not to adjust rates due to extreme circumstances. Pursuant to R.C. 5111.29(A)(5), ODJFS' "decision at the conclusion of the reconsideration process shall not be subject to any administrative proceedings under Chapter 119. or any other provision of the Revised Code."
 {¶ 15} Given that ODJFS' decision to grant or deny a reconsideration of rates due to extreme circumstances is discretionary and not directly appealable, mandamus is the only way appellants can obtain review of ODJFS' decision. OhioAcademy, supra, at ¶ 9. See, also, State ex rel. Potts v. Comm.on Continuing Legal Edn. (2001), 93 Ohio St.3d 452, 457
("Mandamus is the appropriate remedy where no right of appeal is provided to correct an abuse of discretion by a public body * * *."); Heartland Jockey Club, Ltd. v. Ohio State Racing Comm.
(Aug. 3, 1999), Franklin App. No. 98AP-1465 ("The remedy traditionally granted by the courts of Ohio in those circumstances where the legislature has foreclosed a direct administrative appeal has been a remedy through the use of special writs, specifically, the writ of mandamus."); Carney v.School Employees Retirement Sys. Bd. (1987), 39 Ohio App.3d 71,72 (because a statute "denied appellant an adequate remedy at law, a cause of action in mandamus [was] available to her since she ha[d] exhausted all administrative remedies from which she ha[d] no right to appeal"); Providence Hosp. v. McBee (Mar. 17, 1983), Franklin App. No. 82AP-383 ("Where an administrative decision becomes final because no appeal is provided by law, the only remedy available to the person protesting the validity of the administrative decision is mandamus or other extraordinary writ, as may be applicable * * *."). As appellants' remedy is limited to a writ of mandamus, they can only assert their action in a court of common pleas. Ohio Academy, supra, at ¶ 14. See, also, Providence Hosp., supra (third-party plaintiff's "remedy, if any, [was] mandamus, or another appropriate extraordinary writ. No claim was stated over which the Court of Claims has jurisdiction.").
 {¶ 16} Notably, the above analysis is unaffected by OhioAcademy of Nursing Homes, Inc. v. Barry (1990),56 Ohio St.3d 120, and Ohio Hosp. Assn. v. Ohio Dept. of Human Servs. (1991),62 Ohio St.3d 97. In both of those cases, the Supreme Court of Ohio allowed Medicaid providers to sue in a court of common pleas for declaratory and injunctive relief to challenge ODJFS' decisions that decreased the providers' annual reimbursement rates. The court so allowed the providers to sue because their claims arose from rights created by a federal statute that imbued the providers with an entitlement to certain rates and rules regarding the calculation of rates. Because the providers had such rights, they could bring declaratory judgment and injunction actions pursuant to Section 1983, Title 42, U.S. Code against ODJFS. Barry, supra, at 124; Ohio Hosp. Assn., supra, at 101-102.
 {¶ 17} Unlike the plaintiffs in Barry or Ohio Hosp.Assn., appellants do not have a right upon which they can base a Section 1983 claim. Rather than mandating that ODJFS undertake certain acts for the benefit of Medicaid providers, the government mandate and extreme circumstances provisions place the granting of a rate adjustment in ODJFS' discretion. "If state law, including administrative rules, retains for the government a significant discretionary authority over the granting of a benefit, a lack of entitlement in a constitutional sense is indicated." Morning View Care Ctr.-Fulton v. Ohio Dept. of HumanServs. (2002), 148 Ohio App.3d 518, 528. Without such an entitlement, or right, a plaintiff cannot seek any relief, whatever the form, pursuant to Section 1983. Id. Therefore, neither Barry nor Ohio Hosp. Assn. supports appellants' assertion that they can seek declaratory and injunctive relief in this case.
 {¶ 18} We likewise find that appellants' reliance uponMorning View II and Morning View III is misplaced. InMorning View II, we held that mandamus is the proper vehicle for relief where the true aim of a plaintiff's action is to correct an abuse of ODJFS' discretion in calculating a Medicaid reimbursement rate and to compel a recalculation. Thus, MorningView II supports our conclusion that appellants' remedy is restricted to a writ of mandamus; a remedy that appellants can assert only in a court of common pleas. In Morning View III, we considered whether a court of common pleas could exercise jurisdiction over a hypothetical writ of mandamus in circumstances similar to those presented in this case. However, that portion of Morning View III was not part of our legal basis for the judgment and, thus, lacks precendential value. SeeOhio Academy, supra, at ¶ 15 ("A writ of mandamus, however, was not requested in [Morning View III], so the court did not need to reach that issue, rendering [that portion of Morning ViewIII] to be dicta and not controlling.").
 {¶ 19} Tangentially, we note that Morning View II also addressed whether the court of common pleas possessed jurisdiction over the declaratory judgment action that the plaintiff was pursuing in that case. In Morning View II, we concluded that the plaintiff's claim for declaratory judgment could not be severed from its claims for monetary relief, which meant exclusive jurisdiction over the plaintiff's entire action vested in the Court of Claims. That holding is inapplicable here because, as we held in Ohio Academy, a declaratory judgment is not available to accomplish the narrowly-focused task of overturning an agency's non-appealable decision based on an abuse of discretion. Accordingly, characterization of the relief appellants seek as legal or equitable is not determinative of jurisdiction in the instant case.
 {¶ 20} As we held in Ohio Academy, neither a declaratory judgment nor an injunction is available to review an agency's non-appealable discretionary decision. Rather, only mandamus will issue to correct an abuse of discretion in administrative decisions not subject to appeal. Because writs of mandamus may be granted by a court of common pleas, but not the Court of Claims, jurisdiction is proper in the court of common pleas. Accordingly, we sustain appellants' assignment of error, but only to the extent that it contends that the trial court erred in dismissing the writ of mandamus for lack of subject matter jurisdiction.
 {¶ 21} Finally, we note that ODJFS urges this court to find that appellants failed to state a viable claim for mandamus and, for this reason, appellants' mandamus "claim" must be dismissed under Civ.R. 12(B)(6). We decline to make such a finding. Because the trial court never considered this question, we will not address it on appeal. Chickey v. Indiana Ins. Co., Franklin App. No. 04AP-818, 2005-Ohio-4974, at ¶ 63.
 {¶ 22} For the foregoing reasons, we sustain appellants' only assignment of error, we affirm in part and reverse in part the Franklin County Court of Common Pleas' November 19, 2004 judgment, and we remand this case to that court for further proceedings in accordance with law and this opinion.
Judgment affirmed in part and reversed in part; and causeremanded.
Brown and Sadler, JJ., concur.