[Cite as *TLC Heath Care Servs., L.L.C. v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-9198.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TLC Health Care Services, LLC, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-181 |
| | | (C.P.C. No. 08CV-13630) |
| Ohio Department of Job & Family Services et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |
| Medcorp, Inc. and Medcorp E.M.S. South, LLC | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 17AP-182 |
| v. | | (C.P.C. No. 08CV-17879) |
| Ohio Department of Job & Family Services et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

## D E C I S I O N

### Rendered on December 21, 2017

**On brief:** *Barkan & Robon, Ltd.*, and *R. Ethan Davis*, for appellant TLC Health Care Services, LLC.

**On brief:** *Webster & Associates Co., LPA, Geoffrey E. Webster*, and *Bryan M. Pritikin*, for appellants Medcorp, Inc. and Medcorp E.M.S. South, LLC. **Argued:** *Geoffrey E. Webster*.

**On brief:** *Michael DeWine*, Attorney General, and *Rebecca L. Thomas*, for appellees. **Argued:** *Rebecca L. Thomas*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1}   Plaintiffs-appellants, TLC Health Care Services, LLC ("TLC") and Medcorp, Inc. and Medcorp E.M.S. South, LLC[1] ("Medcorp") (collectively "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas dismissing their claims against defendants-appellees, Ohio Department of Job and Family Services ("ODJFS") and Helen E. Jones-Kelley, Director of ODJFS (collectively "appellees"), for lack of subject-matter jurisdiction.  For the reasons that follow, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   At all relevant times, appellants engaged in the business of providing both emergency and non-emergency ambulance services and emergency and non-emergency ambulette services (wheelchair van) for patients enrolled in the Ohio Medicaid program administered by appellees.  In order for appellants to conduct such business, appellees required appellants to obtain Medicaid certification and to execute provider agreements setting forth the terms of service, including the rate of reimbursement for covered services provided.  Ohio Adm.Code 5160-1-17.2 defines the provider agreement, in relevant part, as follows:

> A provider agreement is a contract between the Ohio department of job and family services (ODJFS) And a provider of medicaid covered services.  By signing this agreement the provider agrees to comply with the terms of the provider agreement, Revised Code, Administrative Code, and federal statutes and rules.

{¶ 3}   Ohio Adm.Code 5160-1-60 sets forth the Medicaid payments providers are to receive for covered services, in relevant part, as follows:

> (A) The medicaid payment for a covered procedure, service, or supply constitutes payment in full and may not be construed as a partial payment when the payment amount is less than the provider's submitted charge.
>
> (B) * * * The medicaid payment amount for a covered service, procedure, or supply is the lesser of the submitted charge or the established medicaid maximum.  Medicaid maximum payment amounts for many existing services, procedures, and

---

[1] Medcorp is a group of "affiliated companies which operate a private medical transport business in the state of Ohio."  (Medcorp Compl. at 2.)

> supplies, particularly services rendered by practitioners of the healing arts, are set forth in the appendix to this rule.

{¶ 4}   On December 11, 2007, Medcorp filed a complaint against appellees in the Lucas County Court of Common Pleas.   The complaint alleges the Medicaid reimbursement rates set by appellees are so low as to violate state and federal statutory, regulatory, and constitutional provisions, including 42 U.S.C. 1983, 42 U.S.C. 1396a(a)-(30)(A), 42 C.F.R. 447.204, R.C. Chapter 5111, R.C. 5111.01 and 5111.02, the Due Process Clauses, the Equal Protection Clauses, and the Takings Clauses.  The complaint further alleges the Medicaid reimbursement rates set by appellees constitute a breach of the provider agreement.  On May 12, 2008, TLC filed a complaint against appellees in the Lucas County Court of Common Pleas alleging the same claims.  Appellants' complaints seek declaratory and injunctive relief, as well as "just compensation for Medicaid reimbursement monies taken to which it is entitled."  (TLC Compl. at 9; Medcorp Compl. at 10.)

{¶ 5}   On appellees' motion, the Lucas County Court of Common Pleas transferred venue of the two cases to Franklin County, and the trial court in Franklin County consolidated the two cases pursuant to Civ.R. 42(A).   On October 10, 2008 and January 20, 2009, appellees filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), for lack of subject-matter jurisdiction.  Appellees argued because appellants alleged claims for monetary relief against the state of Ohio sounding in breach of contract, the Court of Claims of Ohio had exclusive original jurisdiction of the complaints.  Appellants argued even though the complaints seek monetary relief against appellees, the claims alleged in the complaints are purely equitable in nature and are, therefore, within the jurisdiction of the courts of common pleas.

{¶ 6}   The trial court agreed with appellees and granted appellees' motion to dismiss on February 9, 2017.  Appellants timely appealed to this court from the trial court judgment.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   Appellants set forth the following two assignments of error:

> [1.] THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED IN FINDING IT DID NOT HAVE SUBJECT MATTER

JURISDICTION OVER THE CLAIMS IN THE UNDERLYING ACTION.

[2.] THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED IN EXERCISING VENUE OVER THE UNDERLYING ACTION.

## III. STANDARD OF REVIEW

{¶ 8}   The issue of subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Columbus Green Bldg. Forum v. State*, 10th Dist. No. 12AP-66, 2012-Ohio-4244, ¶ 14, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.  " 'Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation.' "  *Patriot Water Treatment, LLC v. Ohio Dept. of Natural Resources*, 10th Dist. No. 13AP-370, 2013-Ohio-5398, ¶ 29, quoting *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 21.   "When presented with a motion to dismiss for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1), a trial court must determine 'whether any cause of action cognizable by the forum has been raised in the complaint.' "  *Interim HealthCare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 07AP-747, 2008-Ohio-2286, ¶ 7, quoting *PNP, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 04AP-1294, 2006-Ohio-1159, ¶ 9, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989).   Appellate courts review de novo the issue of subject-matter jurisdiction without any deference to the trial court's determination. *Cheap Escape Co., Inc. v. Tri-State Constr., LLC*, 173 Ohio App.3d 683, 2007-Ohio-6185, ¶ 18 (10th Dist.).

## IV.  LEGAL ANALYSIS

### A.  First Assignment of Error

{¶ 9}   In appellants' first assignment of error, appellants argue the trial court erred when it dismissed their complaints against appellees for lack of subject-matter jurisdiction because the claims alleged in the complaints are purely equitable in nature and, therefore, within the jurisdiction of the courts of common pleas.  We disagree.

{¶ 10} R.C. 2743.03 created the Court of Claims and vested the court with jurisdiction of the following:

> (A)(1) * * * *The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02* of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

(Emphasis added.)

{¶ 11} R.C. 2743.02(A)(1) sets out the state's waiver of sovereign immunity, in relevant part, as follows:

> The state hereby waives its immunity from liability, * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability.

{¶ 12} Pursuant to the statutory framework, the Ohio General Assembly vested the Court of Claims with exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in R.C. 2743.02 and full equity powers in all actions within its jurisdiction. *State ex rel. Moritz v. Troop*, 44 Ohio St.2d 90, 92 (1975). In *Cristino v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-772, 2014-Ohio-1383, *appeal not allowed*, 140 Ohio St.3d 1416, 2014-Ohio-3785, this court defined the jurisdictional limits of the Court of Claims in terms of the particular relief sought as follows:

> The [Court of Claims Act] does not apply "[t]o the extent that the state ha[d] previously consented to be sued" in the courts of common pleas. R.C. 2743.02(A)(1). * * * As a result, the Court of Claims has no jurisdiction over actions that only seek declaratory judgment or injunctive relief because, before the advent of the act, parties could sue the state for declaratory and injunctive relief in the courts of common pleas. *Racing Guild of Ohio, Local 304, Serv. Emps. Internatl. Union, AFL-CIO, CLC v. Ohio Racing Comm.*, 28 Ohio St.3d 317, 320, 28 Ohio B. 386, 503 N.E.2d 1025 (1986). Nevertheless, when a

> claim for declaratory judgment, injunctive relief or other equitable relief is ancillary to a claim over which the Court of Claims has jurisdiction, the Court of Claims possesses jurisdiction to adjudicate the entire action. R.C. 2743.03(A)-(2); *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103, 579 N.E.2d 695 (1991). The Court of Claims has exclusive jurisdiction over civil actions against the state for money damages that sound in law. *Measles v. Indus. Comm.*, 128 Ohio St.3d 458, 2011-Ohio-1523, ¶ 7, 946 N.E.2d 204. Thus, if a plaintiff asserts a legal claim for money damages in addition to a claim for declaratory and/or injunctive relief, and all of the asserted claims arise out of the same circumstances, then the Court of Claims can exercise jurisdiction over the entire action. *Interim HealthCare* at ¶ 13.

*Id.* at ¶ 12.

{¶ 13} In this instance, appellants acknowledge the complaints seek to compel the payment of money by appellees. Appellants argue, however, that even though their complaints seek monetary relief from appellees, their claims are purely equitable in nature, not claims for money damages at law. In *Cristino*, this court addressed the distinction between equitable claims seeking the payment of money and legal claims seeking monetary relief as follows:

> [N]ot every claim seeking monetary relief is a claim for money damages. [*Interim HealthCare*] at ¶ 15. Even where a claimant seeks relief that will ultimately result in the payment of money by the state, "a cause of action will sound in equity if 'money damages' is not the essence of the claim." *Id.*, citing *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 15, 867 N.E.2d 400. For example, an equitable action for specific relief, seeking reimbursement of the compensation allegedly denied or retained, is not transformed into a claim for damages simply because it involves the payment of money. *Zelenak v. Indus. Comm.*, 148 Ohio App.3d 589, 2002-Ohio-3887, ¶ 18, 774 N.E.2d 769 (10th Dist.) (claim for specific temporary total disability compensation, to which plaintiffs were statutorily entitled, sought equitable relief and not monetary damages), citing *Ohio Edison Co. v. Ohio Dept. of Transp.*, 86 Ohio App.3d 189, 194, 620 N.E.2d 217 (10th Dist.1993). "Unlike a claim for money damages where a plaintiff recovers damages to compensate, or substitute, for a

> suffered loss, equitable remedies are not substitute remedies, but an attempt to give the plaintiff the very thing to which it was entitled." *Interim HealthCare* at ¶ 15, citing *Santos* [*v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28] at ¶ 14.

*Id.* at ¶ 13.

{¶ 14} In *Interim HealthCare*, this court further clarified the distinction between claims seeking an equitable remedy, which includes the payment of money, from legal claims seeking money damages. Therein, we noted "a claim that seeks to require a state agency to pay amounts it should have paid all along is a claim for equitable relief, not monetary damages." *Id.* at ¶ 17. If, on the other hand, a plaintiff "cannot assert title or right to possession of particular property," but he or she may, nevertheless, "be able to show just grounds for recovering money to compensate for some benefit the defendant has received from [the plaintiff]," the claim, however characterized by the plaintiff, is treated as a claim for legal remedy. *Id.*

{¶ 15} Appellants' argument in this case is that their complaints state claims for equitable restitution, rather than legal claims for money damages. For example, in addition to the claims for declaratory and injunctive relief, appellants argue that claims seeking reimbursement from ODJFS for funds wrongfully withheld by ODJFS, in violation of federal statutes and regulations pertaining to Medicaid reimbursement, are equitable in nature, even though the complaints seeks the payment of money. However, even if we were to agree with appellants that the complaints allege claims for equitable restitution, Count III of TLC's complaint in this case provides, in relevant part, as follows:

> 42. Pursuant to the provider agreements ("Provider Agreements") entered into between the Department and Plaintiff, Defendants are obligated to comply with all applicable state and federal laws and regulations. True and accurate copies of the Agreements are attached hereto and incorporated herein as Exhibits A and B.

> 43. Plaintiff has complied with all its terms and obligations under the Provider Agreements.

> 44. *The Department has failed to comply with the terms and obligations and has breached the Provider Agreements with Plaintiff.*

45. Plaintiff is entitled to the reasonable and adequate adjustment to the Medicaid reimbursement rate for medical transport providers.

(Emphasis added.) (TLC Compl. at 7.)

{¶ 16} TLC's prayer for relief states in pertinent part:

C. That Plaintiff be awarded just compensation for Medicaid reimbursement monies taken to which it is entitled, but which have been withheld in violation of state and federal law and *in breach of contract,* in an amount to be proven at trial, but in excess of Twenty Five Thousand Dollars ($25,000.00).

(Emphasis added.)[2]  (TLC Compl. at 9.)

{¶ 17} In *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103 (1991), the defendant-appellant, Ohio Department of Human Services ("ODHS"), appealed a judgment from the Court of Claims, which was entered in favor of the plaintiffs-appellees, hospitals and hospital associations, on their claim for injunctive, declaratory, and monetary relief.  The complaint in that case alleged the plaintiffs-appellees incurred monetary damages as a result of newly implemented Ohio Adm.Code 5101:3-2-20, which reduced the period of time Medicaid reimbursed hospitals for outpatient services.  According to the complaint, prior to the implementation of the new rule, ODHS reimbursed participating hospitals for outpatient services under a "cost-based reimbursement" method, which entailed reimbursing each hospital for the costs of the resources directly and indirectly utilized in providing health care services.  *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 10th Dist. No. 88AP-1034 (June 21, 1990).  Among the claims asserted in the complaint was a claim for reimbursement of monies withheld by ODHS pursuant to an invalid administrative rule.

{¶ 18} On appeal to this court, ODHS argued the Court of Claims did not have jurisdiction of the claims alleged in the complaint because the claims fell outside the state's waiver of immunity under R.C. 2743.02 and, in particular, because the claim reimbursement of monies withheld pursuant to an invalid administrative rule sounded in equitable restitution rather than monetary damages at law.  This court affirmed the

---

[2] Count III of the complaint filed by Medcorp contains the very same allegations and the same prayer for relief.

judgment of the Court of Claims.  ODHS appealed from this court's judgment to the Supreme Court of Ohio.

{¶ 19}  In the decision of the Supreme Court in *Ohio Hosp. Assn.*, one of the issues for the court was whether the Court of Claims Act waived sovereign immunity with respect to plaintiffs-appellees' claims alleging ODHS violated the Social Security Act and related federal regulations by enacting the new administrative rule.  On this question, the court held that "reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages, and is consequently not barred by sovereign immunity."  *Id.* at 105.  Appellants here argue this holding in *Ohio Hosp. Assn.* supports their contention that the complaints against appellees contain equitable claims for relief, even though the complaints also seek the payment of money.  However, a determination that appellants' complaints contain equitable claims for relief against appellees does not resolve the question of jurisdiction presented herein.  Of significance to the question of the Court of Claims' jurisdiction in this case is the following holding in *Ohio Hosp. Assn.*:

> We hold that this suit is within the jurisdiction of the Court of Claims because of the nature of the claims raised and the relief sought.  The hospitals initially sought relief for violations of their provider agreements and an earlier settlement agreement between certain of the parties, as well as for violations of federal law, state law, the United States Constitution, and the Ohio Constitution. The complaint sought declaratory, injunctive, and monetary relief.  *The claims for violation of the provider agreements and an earlier settlement agreement are within the exclusive jurisdiction of the Court of Claims to the extent that the hospitals allege that their contractual rights have been violated and seek monetary relief.*  R.C. 2743.02 and 2743.03.

(Emphasis added.)  *Id.* at 104.

{¶ 20}  In light of the allegations in Count III of appellants' complaints, we find the decision of the Supreme Court in *Ohio Hosp. Assn.* disposes of this appeal.  Under *Ohio Hosp. Assn.*, the dispositive jurisdictional issue is whether the complaints state a claim for money damages at law.  *Id.* at 104.  If so, jurisdiction of the complaints is exclusive to the Court of Claims.  *Id.*  *See also* R.C. 2743.03(A)(1); *Cristino* at ¶ 12; *Interim HealthCare* at ¶ 13.  It is axiomatic that a claim for money damages sounding in breach of contract is an

action at law. *Cheap Escape* at ¶ 20; *Stout v. M. Aron Corp.*, 10th Dist. No. 92AP-1179 (May 13, 1993) ("Since laches is an equity defense, it is inapplicable to an action at law to recover damages for a breach of contract."). Appellants' complaints in this case seek recovery of money damages to compensate appellants for a loss of revenue resulting from allegedly inadequate reimbursement rates paid under the terms of the provider agreements. Pursuant to *Ohio Hosp. Assn.*, these allegations foreclose the common pleas court from exercising jurisdiction of the complaints in this case. *Id.* at 104. *See also Cristino* at ¶ 12, citing *Interim HealthCare* at ¶ 13; *Bla-Con Industries v. Miami Univ.*, 12th Dist. No. CA2006-06-127, 2007-Ohio-785, quoting *State ex rel. Ferguson v. Shoemaker*, 45 Ohio App.2d 83, 96 (10th Dist.1975) ("Regarding contract claims against the state, Ohio case law establishes that '[a] direct action on a contract with the state, seeking monetary relief from the state, must be commenced and prosecuted in the Court of Claims and cannot be brought in the Court of Common Pleas.' "). Accordingly, even if the allegations in appellants' complaints seeking reimbursement from ODJFS for funds wrongfully withheld by ODJFS in violation of federal Medicaid statutes and regulations are considered equitable in nature, when such claims are pleaded in conjunction with legal claims for breach of contract and arise out of the same operative facts, the complaints are within the exclusive jurisdiction of the Court of Claims, which has full equity powers in all actions within its jurisdiction. *Ohio Hosp. Assn.* at 104; *Cristino* at ¶ 12; *Interim HealthCare* at ¶ 13.[3] Because there is no question in this case all the claims alleged in the complaints arise out of the same operative facts, the Court of Claims has exclusive jurisdiction of the complaints in this matter. *Ohio Hosp. Assn.* at 104; *Cristino* at ¶ 12; *Interim HealthCare* at ¶ 13.

{¶ 21} For the foregoing reasons, we hold the trial court did not err when it dismissed the complaints for lack of subject-matter jurisdiction. Furthermore, to the extent appellants contend the unavailability of a jury trial in the Court of Claims violates due process and equal protection, such a contention has been previously rejected by the Supreme Court. *Botkin v. Univ. of Cincinnati College of Medicine*, 10th Dist. No. 04AP-

---

[3] Given our determination that the Court of Claims has exclusive jurisdiction of the complaints in this case, we express no opinion whether the complaints state viable claims for restitution based on appellees' alleged violations of federal Medicaid statutes and regulations, the United States and Ohio Constitutions, and the Ohio Revised Code.

228, 2005-Ohio-1122, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292 (1992). Accordingly, appellants' first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 22} Appellant's second assignment of error challenges the trial court's decision to exercise venue of this action. Having determined the trial court did not err when it dismissed the complaints in this case for lack of subject-matter jurisdiction and having further determined that the Court of Claims has exclusive jurisdiction of this action, appellants' second assignment of error is moot.

## V. CONCLUSION

{¶ 23} Having overruled appellants' first assignment of error and having determined appellants' second assignment of error is moot, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____