[Cite as *Wood v. Div. of Oil & Gas Resources Mgt.*, 2018-Ohio-4968.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donald E. Wood, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 18AP-470 |
| | | (Ct. of Cl. No. 2017-00991JD) |
| Division of Oil and Gas Resources Management et al., | : | |
| | | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 11, 2018

**On brief:** *Donald E. Wood*, pro se. **Argued:** *Donald E. Wood*.

**On brief:** *Michael DeWine*, Attorney General, *Christopher P. Conomy* and *Randall W. Knutti,* for appellee. **Argued:** *Christopher P. Conomy*.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Plaintiff-appellant, Donald E. Wood, appeals the judgment of the Court of Claims of Ohio granting the motion to dismiss of defendants-appellees, Division of Oil and Gas Resources Management and the Oil and Gas Commission ("Division"). For the reasons that follow, we affirm the judgment of the Court of Claims.

**I. Facts and Procedural History**

{¶ 2} Wood filed a complaint for declaratory judgment, certification as a class action, and petition for removal of appeal No. 907 before the oil and gas commission on December 20, 2017 in the Court of Claims. According to the complaint, Wood is an oil and gas well operator in Ohio, and has operated wells since 1985. R.C. 1509.07 requires the

owners of wells to provide proof of financial responsibility to the Division. Under the statute, this requirement can be fulfilled by depositing cash, a surety bond, certificates of deposit, or irrevocable letters of credit. R.C. 1509.07(B)(1)(2). Alternatively, the chief of the Division may accept as proof of financial responsibility a sworn financial statement showing a net financial worth within the state equal to twice the amount of the bond for which it substitutes. R.C. 1509.07(B)(3).

{¶ 3} Wood alleged that he has provided the requisite proof of financial responsibility by the use of a financial statement since 1986. Wood then alleged that on July 6, 2015, the chief of the Division issued order No. 2015-345 requiring Wood to provide proof of financial responsibility by some means other than a financial statement. The order, attached to the complaint, states that Wood posted a financial statement with the Division in the amount of $15,000 on November 21, 2013, and had "failed to maintain and/or file financial assurance with the Division" as required by R.C. 1509.07(C). (Chief's Order at 1.) The chief then ordered Wood to file a surety bond, certificate of deposit, letter of credit, cash, or a cashier's check within 30 days or transfer all his wells to a properly bonded owner.

{¶ 4} Wood alleged that he submitted a new updated financial statement on July 15, 2015, but the chief refused to accept it because it did not comply with the terms of chief's order No. 2015-345.

{¶ 5} Wood alleged that the chief's order was unlawful because it did not permit him to provide proof of financial responsibility by means of a financial statement as provided in R.C. 1509.07. Wood further alleged that the chief's order was unreasonable because the chief failed to provide a reason for the refusal to accept a financial statement in lieu of a surety bond.

{¶ 6} In his "First Claim for Relief—Declaratory Judgment," Wood prayed for an order vacating the chief's order along with an award of compensatory damages, attorney fees and costs, and such other relief as the court may deem appropriate.

{¶ 7} In the "Second Claim for Relief—Certification as Class Action," Wood prayed for an order certifying a class consisting of all well owners who received a chief's order identical to the one Wood received.

{¶ 8}    In the "Third Claim for Relief—Petition for Order Removing Appeal No. 907 Before the Oil and Gas Commission," Wood prayed for an order "removing" his appeal to the Court of Claims.

{¶ 9}    The Division filed a motion to dismiss pursuant to Civ.R. 12(B)(1) asserting a lack of jurisdiction because the complaint sought an appeal of a pending administrative matter that was still proceeding, and the complaint did not allege money damages.  The Division also argued that there is no process for "removal" of an administrative proceeding to the Court of Claims.  The Division also moved for dismissal pursuant to Civ.R. 12(B)(6) asserting that the complaint failed to state a claim for relief because it asserted liability based on regulating a public duty for which the Division was immune under R.C. Chapter 2743.

{¶ 10} The Court of Claims granted the motion to dismiss on the basis that the declaratory judgment action was proper only if there was an ancillary claim for money damages over which the Court of Claims had jurisdiction.  The court ruled that Wood's statement in the prayer that he sought compensatory damages was not sufficient to confer jurisdiction in the Court of Claims.  The court additionally found that it did not have jurisdiction to hear administrative appeals, and thus Wood's administrative appeal could not be removed to the Court of Claims.  Finding that the Court of Claims lacked jurisdiction over the first and third claims, the court determined that it did not have jurisdiction to certify a class.  After finding that it lacked jurisdiction, the court concluded that the complaint failed to state a claim upon which relief can be granted.  Thus, it was not entirely clear whether the Court of Claims dismissed the case for lack of jurisdiction pursuant to Civ.R. 12(B)(1) or for failure to state a claim pursuant to Civ.R. 12(B)(6).

## II. Assignments of Error

{¶ 11} Appellant assigns the following two errors for our review:

> [I.] The Court of Claims erred when it dismissed Appellant's case pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted.
>
> [II.] The Court of Claims erred when it dismissed Appellant's case for lack of subject-matter jurisdiction.

## III. Standard of Review

{¶ 12} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. A trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). In construing a complaint on a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Volbers-Klarich* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). The trial court does not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 17 (10th Dist.). Appellate review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 13} The standard of review for dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *State ex rel. Bush*, 42 Ohio St.3d 77, 80 (1989); *Nacelle Land & Mgt. Corp. v. Ohio Dept. of Natural Resources,* 65 Ohio App.3d 481, 483 (10th Dist.1989); *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-240, 2018-Ohio-3392, ¶ 6. Appellate review of a motion to dismiss for lack of subject-matter jurisdiction is de novo. *Id.*

## IV. Analysis

{¶ 14} In *Wood v. Simmers*, 10th Dist. No. 17AP-269, 2017-Ohio-8718, Wood had appealed to the Oil and Gas Commission from the same chief's order that is at issue in this case. Wood filed a motion with the commission seeking certification of a class of well owners who had received similar chief's orders prohibiting them from providing proof of financial responsibility by means of a financial statement. The commission denied the motion, and Wood appealed to the Franklin County Court of Common Pleas and ultimately

to this court on the issue of class certification. The merits of the appeal from the chief's order were not addressed.

{¶ 15} This court held that certification of a class action, pursuant to Civ.R. 23(B)(3) is unavailable to litigants in an R.C. 1509.36 appeal to the Oil and Gas Commission from a chief's order. *Id.* at ¶ 18, 21. More germane to this appeal, however, is that this court also held that a well owner may seek relief from an allegedly unlawful chief's order in the courts and need not exhaust administrative remedies before doing so. *Id.* at ¶ 27. This court cited *Nacelle Land & Mgt. Corp.* for the proposition that a corporation is not required to exhaust its administrative remedies under R.C. 1509.36 before seeking monetary relief in the Court of Claims. *Wood* at ¶ 26. The plain language of the last paragraph in R.C. 1509.36 also supports this conclusion:

> The order of the commission is final unless vacated by the court of common pleas of Franklin county in an appeal as provided for in section 1509.37 of the Revised Code. Sections 1509.01 to 1509.37 of the Revised Code, providing for appeals relating to orders by the chief or by the commission, or relating to rules adopted by the chief, do not constitute the exclusive procedure that any person who believes the person's rights to be unlawfully affected by those sections or any official action taken thereunder must pursue in order to protect and preserve those rights, nor do those sections constitute a procedure that that person must pursue before that person may lawfully appeal to the courts to protect and preserve those rights.

{¶ 16} The key phrase in our earlier decision is "monetary relief." The Court of Claims is a court of limited jurisdiction, and has exclusive jurisdiction over civil actions against the state for money damages that sound in law. *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.,* 10th Dist. No. 11AP-367, 2011-Ohio-6459, ¶ 15. The Court of Claims has no jurisdiction over actions that only seek declaratory judgment or injunctive relief because, before the advent of the Court of Claims Act, parties could sue the state for declaratory and injunctive relief in the courts of common pleas. *TLC Health Care Servs., LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 17AP-181, 2017-Ohio-9198, ¶ 12. A suit that seeks only injunctive or declaratory relief may be brought against the state in the court of common pleas. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.,* 62 Ohio St.3d 97, 103 (1991).

{¶ 17} Suits for money damages against the state fall within the exclusive, original jurisdiction of the Court of Claims. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, ¶ 20. In addition, the Court of Claims has exclusive, original jurisdiction in civil suits against the state for money damages even where ancillary relief such as an injunction or declaratory judgment is sought. *Id.* Regardless of how an action is labeled, the substance of a party's arguments and the type of relief requested determine the nature of the action. *Id.* at ¶ 25, quoting *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 38. The Court of Claims has no jurisdiction over claims for purely equitable relief. *Cristino v. Bur. of Workers' Comp.*, 10th Dist. No. 13AP-772, 2014-Ohio-1383, ¶ 12.

{¶ 18} Here, Wood's complaint does not contain a claim for money damages and, as such, the Court of Claims lacks subject-matter jurisdiction over the complaint. Wood argues on appeal that damages may be presumed from the complaint and that some of the members of his putative class may have been damaged monetarily. However, his complaint is devoid of any factual allegation that he or the proposed class members were damaged monetarily. The complaint contains no indication that Wood was seeking money damages other than the assertion in the prayer for relief that he was asking for compensatory damages. "The prayer for relief does not, in itself, establish subject matter jurisdiction in the Ohio Court of Claims." *Windsor House, Inc.* at ¶ 18. Wood's complaint seeks a declaration vacating an allegedly unlawful and unreasonable Chief's order and, as such, it is equitable in nature. Since there is no ancillary claim for money damages, the Court of Claims lacks subject-matter jurisdiction over the action and properly dismissed the complaint. Lacking subject matter jurisdiction, the Court of Claims did not need to reach the issue of whether the complaint also should have been dismissed for failure to state a claim upon which relief may be granted. Therefore, the second assignment of error is overruled, and the first assignment of error is rendered as moot.

## V. Disposition

{¶ 19} Having overruled the second assignment of error rendering the first assignment of error moot, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

————————