[Cite as *Duke Energy One, Inc. v. Cincinnati State Technical & Community College*, 2022-Ohio-924.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DUKE ENERGY ONE, INC., | : | APPEAL NO. C-210308 |
| | | TRIAL NO. A-2002346 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CINCINNATI STATE TECHNICAL AND COMMUNITY COLLEGE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 25, 2022

*Eberly McMahon Copetas LLC* and *Robert A. McMahon,* for Plaintiff-Appellant,

*Vorys, Sater, Seymour and Pease LLP, Elizabeth T. Smith, Michael J. Settineri, Christopher A. LaRocco* and *J.B. Lind*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}    Plaintiff-appellant Duke Energy One, Inc., ("Duke Energy One") appeals the judgment of the Hamilton County Court of Common Pleas dismissing its amended complaint seeking to recover specific property, namely electrical equipment, installed by Duke Energy One on the campus of defendant-appellee Cincinnati State Technical and Community College ("Cincinnati State"). The case involves whether the court of common pleas has subject-matter jurisdiction over the action or whether exclusive jurisdiction lies in the Court of Claims, where Duke Energy One previously filed a lawsuit against Cincinnati State. Additionally we must determine whether Duke Energy One can obtain the requested relief when the complaint admits that the Court of Claims in the prior action between these parties found the contract involving the equipment void for failure to comply with a mandatory state statute requiring the certificate of the fiscal officer for Cincinnati State.

{¶2}    We hold that the court of common pleas has subject-matter jurisdiction over this case in which the sole relief requested involves the return of specific property and does not seek money damages. However, Duke Energy One has failed to allege facts from which it can obtain relief. When entering into the transaction involving the property that was installed on Cincinnati State's campus, the parties disregarded a mandatory statute designed to protect the public treasury. Duke Energy One's claim for relief seeks to enforce a provision of that void contract. Allowing a such recovery would frustrate if not defeat the public policy of the state announced and adhered to in *Buchanan Bridge Co. v. Campbell*, 60 Ohio St. 406, 54 N.E. 372 (1899), and its progeny. Accordingly, we affirm the trial court's judgment.

2

## I. Background Facts and Procedure

{¶3} The substance of the amended complaint avers that Duke Energy One is a company that provides technical infrastructure services to its customers that relate to core gas and electric utility services provided by regulated industries. Cincinnati State is a state community college organized under the laws of Ohio.

{¶4} In November 2009, Duke Energy One entered into a "Master Services Agreement" ("MSA") with Cincinnati State followed by four specific service agreements under that MSA. These five documents attached to and incorporated into the complaint indicate the parties agreed, among other things, that the company would provide and install electric infrastructure equipment on Cincinnati State's campus, and provide services related to that equipment, in exchange for agreed upon compensation, payable monthly or as services were performed. These documents also indicate that the parties intended Duke Energy One would lease, not sell, most of the electrical equipment it installed.

{¶5} The parties performed in accordance with the agreements until July 2016, when Cincinnati State discontinued monthly payments. Cincinnati State, however, continued to use and benefit from the electrical equipment that had been installed.

{¶6} Duke Energy One sued Cincinnati State in the Court of Claims. The Court of Claims determined the contracts were void based on the failure to obtain the required certificate of Cincinnati State's fiscal officer, mandated by R.C. 5705.41. After the contracts were declared void, Duke Energy One asked for the return of its equipment and Cincinnati State refused.

{¶7} Duke Energy One asserts that Cincinnati State no longer has the right to possess and use Duke Energy One's electrical equipment because the contracts,

3

having been found void, are no longer in force and effect. Moreover, the company alleges it would be unjust for Cincinnati State to retain the benefit of the equipment because the contracts show the parties never intended to affect a transfer in ownership to Cincinnati State. The company requests an order directing Cincinnati State to return the electric equipment to the company or otherwise provide the company with access to its campus so that the company may remove and retrieve its electric equipment installed on the campus at the company's expense.

{¶8} Cincinnati State did not answer the amended complaint. Instead, the college moved to dismiss the action. Cincinnati State contended that the court of claims had exclusive jurisdiction over the subject matter involving these parties, and therefore, dismissal was appropriate under Civ.R. 12(B)(1). Additionally, Cincinnati State argued no court could grant legal or equitable relief to either party after a government contract had been declared void, requiring dismissal under Civ.R. 12(B)(6). This argument relied on the Supreme Court's holding in *Buchanan Bridge*, 60 Ohio St. 406, 54 N.E. 372. Finally, Cincinnati State asserted the affirmative defense of res judicata as a basis for dismissal. Cincinnati State attached to its motion the complaint and trial court decision from the Court of Claims action.

{¶9} Duke Energy One opposed the motion to dismiss, contending that the court of common pleas had subject-matter jurisdiction over its single cause of action for equitable restitution upon which the court could grant relief. The company further argued that res judicata could not be the basis for dismissal of a complaint. *See Ralls v. Lewin*, 1st Dist. Hamilton No. C-180526, 2019-Ohio-3302, ¶ 5.

{¶10} The trial court subsequently dismissed the case with prejudice. In a short entry, the court cited Civ.R. 12(B)(1) and Civ.R. 12(B)(6), but did not otherwise explain the basis of its decision. This appeal ensued. Duke Energy One argues in its

sole assignment of error that the trial court erred in dismissing the amended complaint.

## II. Analysis

### A. Subject-Matter Jurisdiction

{¶11} When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine if a plaintiff's complaint raises "any cause of action" that is cognizable in the forum court under the applicable law. *See State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 64 (1989). Generally, the court's jurisdiction over a matter in the first instance is not affected by a plaintiff's failure to state a claim upon which relief could be granted. *See Milligan v. Ohio Bell Tel. Co.*, 56 Ohio St.2d 191, 196, 383 N.E.2d 575 (1978).

{¶12} We apply a de novo standard of review to the dismissal of a case due to the lack of subject-matter jurisdiction. *See Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 17. For the limited purpose of determining its jurisdiction over the matter, the court is not required to accept the allegations of the complaint as true but may take into account facts established in the record. *Id.*, citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 214, 358 N.E.2d 526 (1976).

{¶13} The record in this case includes two documents from the Court of Claims action, the complaint and decision. We consider those documents for our analysis, which turns on the scope of the Court of Claims' exclusive jurisdiction.

### 1. Jurisdiction of the Court of Claims

{¶14} The Court of Claims was created in 1975 with the enactment of the Court of Claims Act ("Act"), codified in R.C. Chapter 2743. *Cirino* at ¶ 18. The Act affects the "court and manner in which lawsuits are to proceed against the state."

*State ex rel. Moritz v. Troop*, 44 Ohio St.2d 90, 92, 338 N.E.2d 526 (1975); *Cirino* at ¶ 18-20. The Act is remedial in nature, and therefore, we must construe the Act "liberally * * * in order to promote its object and assist the parties in obtaining justice." *Troop* at syllabus.

{¶15} In application, R.C. 2743.03(A)(1) of the Act vests the Court of Claims with exclusive, original jurisdiction over claims for money damages against the state and its entities, including Cincinnati State. *See Cirino*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, at ¶ 18-20. The Court of Claims, however, also has "full equity powers in all actions within its jurisdiction," and may entertain jurisdiction over claims in actions removed to that court and jurisdiction over counterclaims, cross-claims and third-party claims. R.C. 2743.03(A)(1).

{¶16} Although the Act does not generally divest other courts of jurisdiction over claims for equitable relief, it has that effect with respect to some equitable claims against the state. Relevant to this case, R.C. 2743.03(A)(2) provides:

> If the claimant in a civil action as described in [R.C. 2743.03](A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.

6

R.C. 2743.03(A)(2).

{¶17}  When applying R.C. 2743.03(A)(2), we are mindful that the second sentence of the division "recognizes an exception to the foregoing general provision." *State ex rel. Sawicki v. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 29.

### 2. Application of R.C. 2743.03(A)(2)

{¶18}  Duke Energy One's claim against Cincinnati State in this case involves a claim for equitable restitution that does not seek money damages but the return of specific property. *See Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, ¶ 13, quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).  This is the type of action against the state that the courts had entertained before the enactment of the Act, and the Act generally does not divest other courts of jurisdiction over such a claim. *See id.*; *Cirino*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, at ¶ 9 and 17.

{¶19}  The claim for equitable restitution does involve the contracts between the parties at issue in the Court of Claims action.  Duke Energy One points outs, however, that the claim is based partially on the result of the first action—the Court of Claims declaration that the contract between the parties was void for lack of the fiscal officer's certification and Cincinnati State's recent claim of ownership on that basis.  The company adds that this claim was not ripe in the first action.

{¶20}  We are persuaded by this argument.  In essence, Duke Energy One is now asking for the equitable protection of the court on the ground that Cincinnati State does not own the infrastructure equipment pursuant to a legal transfer and cannot insist on retaining possession of that electrical equipment on the ground the

7

contract is void. Further, in this action, Duke Energy One is seeking solely equitable relief against Cincinnati State, not money damages. We conclude, therefore, that the court of common pleas has subject-matter jurisdiction over this civil action. To the extent that the trial court found otherwise, the trial court erred.

### 2. *Buchanan Bridge* and its Prodigy Bar Recovery

{¶21} Cincinnati State additionally sought dismissal of the case under Civ.R. 12(B)(6) for the failure to state a claim upon which relief could be granted. When construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). The court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997); *Ralls*, 1st Dist. Hamilton No. C-180526, 2019-Ohio-3302, at ¶ 6.

{¶22} Before dismissing a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts entitling it to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. An appellate court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶23} Duke Energy One admitted in the amended complaint that the government contract governing the transaction between the parties had been declared void by the Court of Claims for lack of the financial officer's certification that is required by R.C. 5705.41. That statute specifically provides that a contract entered into without the certification is "void." R.C. 5705.41(D)(1).

{¶24} "[C]ertification pursuant to R.C. 5705.41 serves two purposes: (1) 'to prevent fraud and the reckless expenditure of public funds[;]' and (2) 'to preclude the creation of any valid obligation against [the government entity] above or beyond the fund previously provided and at hand for such purpose.' " *NaphCare, Inc. v. Cty. Council Ohio*, 9th Dist. Summit No. 24906, 2010-Ohio-4458, ¶ 21, quoting *State v. Kuhner*, 107 Ohio St. 406, 413, 140 N.E. 344 (1923). In Ohio, "courts will not lend their aid to enforce such a [void] contract, directly or indirectly, but will leave the parties where they have placed themselves." *Buchanan Bridge*, 60 Ohio St. at 420, 54 N.E. 372.

{¶25} In *Buchanan Bridge*, a company entered into an agreement with the board of county commissioners of Fulton County for the sale of materials to erect a bridge. The commissioners, however, failed to comply with statutory requirements for such transactions. After the construction of the bridge with the material provided by Buchanan Bridge, the county commissioners signed two orders directing the auditor to issue warrants on the county treasurer to pay the company the agreed upon price of the materials. Before the auditor issued the warrants, a court enjoined payment of the warrants because the contract was void for failure to comply with statutory requirements. *Id.* at 406-413.

{¶26} The company further pursued compensation from the board without success and then filed a lawsuit against the board seeking legal and equitable relief. This relief included the return of the bridge parts. *Id.*

{¶27} The trial court sustained a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action for the company and against the board, even though the county commissioners had never paid for the

9

bridge parts and the county retained the benefit of those parts in the operable bridge. That judgment was affirmed in subsequent appeals. *Id.*

{¶28} When affirming, the Ohio Supreme Court in its syllabus held that "[a] contract made by county commissioners for the purchase and erection of a bridge, in violation or disregard of the statute on that subject, is void, and no recovery can be had against the county for the value of such bridge." *Buchanan Bridge*, 60 Ohio St. 406, 54 N.E. 372, at syllabus. Importantly, the court further held that "Courts will leave the parties to the unlawful transaction where they have placed themselves and will refuse to grant relief to either party." *Id.* Thus, the court in *Buchanan Bridge* allowed a complete forfeiture of the bridge company's property, refusing to return the bridge parts or award monetary relief. The case has never been overruled.

{¶29} The *Buchanan Bridge* line of cases is rooted in the concept that where public monies are at stake, a party contracts with a public agency at its own peril. The court more recently stated:

Many times this court has held that no recovery can be had on a contract that is entered into contrary to one or more of the legislated requirements. * * * A thread running throughout the many cases the court has reviewed is that the contractor must ascertain whether the contract complies with the Constitution, statutes, charters, and ordinances so far as they are applicable. If he does not, he performs at his peril. * * * "An occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and

10

statutes designed to protect the public should not be annulled for his benefit."

(Citation omitted.) *Lathrop Co. v. Toledo*, 5 Ohio St.2d 165, 172-173, 214 N.E.2d 408 (1966), quoted in *Shampton v. City of Springboro*, 98 Ohio St.3d 457, 2003-Ohio-1913, 786 N.E.2d 883, ¶ 27-28 and 35.

{¶30} In this case, Duke Energy One alleges the parties contractually agreed it would retain title to the equipment that was installed on the campus, and this fact forms the basis of the unjust-enrichment claim. Thus, notwithstanding the law, Duke Energy One seeks to enforce the ownership provisions of the void contract pertaining to a transaction involving public funds.

{¶31} Duke Energy One argues this case is distinguishable from *Buchanan Bridge* because the transaction contemplated a lease of the electrical equipment, not a sale. The company argues this case involves the state of Ohio "obtaining possession of personal property owned by a [corporate citizen] through a contract later deemed to be void and then deciding to keep that personal property without buying it or taking legal action to appropriate that property under the law."

{¶32} Duke Energy One does not cite any authority to support its position. Moreover, to the extent this argument is based on the extent of the forfeiture it is misplaced. In *Buchanan Bridge*, the Supreme Court tolerated a complete forfeiture of the bridge company's property. Here, Duke Energy One's amended complaint acknowledges that the college made the lease payments under the void contract for many years.

{¶33} In *Buchanan Bridge* and after, the Supreme Court has repeatedly warned that one entering into a commercial relationship with a government entity has a duty to ascertain whether the contract complies with applicable statutes. One

who fails to do so "performs at [one's] peril." *Lathrop Co.,* 5 Ohio St.2d at 173, 214 N.E.2d 408.

{**¶34**} We conclude that Duke Energy One has not stated facts that entitle the company to the equitable protection of the court. Like in *Buchanan Bridge*, Duke Energy One's cause of action relies on the contract which it would like to enforce to its own benefit. *Compare Lee v. Bd. of Commrs. of Monroe Cty.*, 114 F. 744 (6th Cir.1902) (affording equitable relief under the federal common law in a case involving contracts void for failure to comply with Ohio statutes where the basis of the plaintiff's claim did not rest on the terms of the contract, involved fraud on behalf of the government agents, and included an offer to return payments received under the void contract). The public policy of the state targets the illegal transaction. To allow Duke Energy One to obtain restitution of the electrical equipment when the rest of the transaction creates no enforceable rights would frustrate, if not defeat, the policy of R.C. 5705.41.

{**¶35**} Accordingly, we hold that under Ohio law, where a contract governing the lease of electrical equipment installed to improve the campus of a state school and involving compensation from the government is declared void and unenforceable for lack of the fiscal officer's certification, neither party may recover against the other based on the terms of that illegal contract. Even though Duke Energy One is not seeking money damages on the void contract but return of the equipment installed on the campus, "courts will not lend their aid to enforce such a contract, directly or indirectly, but will leave the parties where they have placed themselves." *Buchanan Bridge*, 60 Ohio St. at 420, 54 N.E. 372.

{**¶36**} Upon our review of the amended complaint, we conclude that Duke Energy One has failed to assert facts upon which it may obtain relief. Consequently,

we conclude the trial court did not err by dismissing the complaint. *See* Civ.R. 12(B)(6).

### III. Conclusion

**{¶37}** The trial court did not err by dismissing Duke Energy One's amended complaint because the complaint fails to state a claim upon which relief can be granted. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.**, and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.