[Cite as *Watson v. Rankin-Thoman, Kinman-Kindell, Co.*, 2022-Ohio-2811.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Stephanie Watson

      Appellant

v.

Rankin-Thoman, Kinman-
Kindell, Co.

      Appellee

Court of Appeals No.  E-21-056

Trial Court No.  2021 CV 0333

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 12, 2022

* * * * *

Stephanie Watson, Pro se.

David J. Stamolis, for appellee.

* * * * *

**ZMUDA, J.**

**{¶ 1}** This matter is before the court upon a pro se appeal of the judgment of the

Erie County Court of Common Pleas, dismissing the matter with prejudice for lack of

subject matter jurisdiction.  For the reasons that follow, we reverse and remand the matter

for further proceedings.

## I. Facts and Procedural Background

{¶ 2} Appellant Stephanie Watson (appellant) resided in an apartment owned by appellee Rankin-Thoman, Kinman-Kindell, Co. (appellee), in Marion County, Ohio, for over 13 years. In the beginning of 2020, appellant moved to Erie County.

{¶ 3} On August 27, 2021, appellant filed a complaint in the Erie County Court of Common Pleas, alleging negligence in maintaining the property, resulting in damage to her personal property while residing in the apartment she leased from appellee through the end of 2019. Appellant alleged that appellee failed to address plumbing issues, and the resulting water damage destroyed or damaged her personal property. Appellant discarded property that was unsalvageable, and moved the property that might be restored to her new home in Erie County.

{¶ 4} Appellee filed an answer, raising improper venue and lack of "territorial subject matter jurisdiction" as defenses. Appellee also asserted a counterclaim, seeking a monetary judgment for damages allegedly caused by appellant to the subject property, in excess of her security deposit. Contemporaneously with the answer and counterclaim, appellee filed a motion to dismiss pursuant to Civ.R. 12(H), or in the alternative, for change of venue, pursuant to Civ.R. 3(C) and (D), identifying Marion County as the appropriate venue. As to subject matter jurisdiction, appellee argued the claim arose in Marion County, and appellant had no contact with Erie County. Appellee's argument, relative to venue, was similar. Appellant opposed dismissal or transfer.

2.

{¶ 5} On November 18, 2021, the trial court dismissed the matter, with prejudice, finding "this Court does not have subject matter jurisdiction over these matters."

{¶ 6} This appeal followed.

## II. Assignments of Error

{¶ 7} Appellant articulates the following as error:

The trial court erred by:

[1] granting Defendant's/Appellee's Motion to Dismiss for Lack of Subject Matter Jurisdiction with prejudice over Plaintiff's/Appellant's numerous Motions and Objections specifically under Civil 41 (B) (3) (4), R.C. Sect. 2305.01 and numerous case law and statutes;

[2] failing to rule on Plaintiff's/Appellant's numerous objections and motions to Defendant's/Appellee's pleadings.

We shall address the assignments of error in turn.

## III. Analysis

{¶ 8} Appellee sought dismissal for want of subject matter jurisdiction, or in the alternative, for transfer of venue. The trial court entered a dismissal, with prejudice, finding a lack of subject matter jurisdiction. We apply de novo review to the trial court's decision to dismiss with prejudice. *Kostrzewski v. Toledo,* 6th Dist. Lucas No. L-14-1271, 2015-Ohio-2913, ¶ 8, citing *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 9} "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). In contrast, "venue connotes the locality where the suit should be heard" and is a procedural matter, rather than a jurisdictional concern. *Morrison* at 87-88.

{¶ 10} The trial court found it lacked subject matter jurisdiction over appellant's claim. Courts exercise "only such jurisdiction as is conferred upon them by the Constitution or by the Legislature acting within its constitutional authority." *Miller v. State,* 147 Ohio App.3d 360, 2001-Ohio-4368, 770 N.E.2d 1052, ¶ 41 (6th Dist.), citing *Humphrys v. Putnam,* 172 Ohio St.3d 456, 450, 178 N.E.2d 506 (1961). Subject matter jurisdiction "is determined without regard to the rights of the individual parties involved in a particular case." *Kuchta* at ¶ 19. "When a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek,* 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 2, citing *Corder v. Ohio Edison Co.,* 162 Ohio St.3d 369, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14.

{¶ 11} The General Assembly properly defines a court's subject matter jurisdiction, as provided at Article IV, Section 4(B) of the Ohio Constitution, and enacted R.C. 2305.01. Pursuant to the statute, a court of common pleas has original jurisdiction

4.

in civil cases in which the amount in controversy exceeds the jurisdiction of the county courts. Therefore, as appellant's complaint stated a claim for damages above the statutory threshold, and the statute grants jurisdiction over such a claim, the trial court had subject matter jurisdiction over the case. *JPMorgan Chase Bank, Natl. Assn. v. Swan,* 6th Dist. Lucas No. L-13-1064, 2014-Ohio-999, ¶ 15.

{¶ 12} In seeking dismissal, appellee argued the trial court lacked subject matter jurisdiction over the proceeding because the facts alleged demonstrated a claim arising out of Marion County. Specifically, appellee argued:

> Based on the allegations contained in the Complaint filed by the Plaintiff [appellant] in this action as well as the discussion above, the Defendant [appellee] did not have any contact within the subject matter jurisdiction of this Court. Civil Rule 12(H)(3) provides that whenever it appears by suggestion of the parties the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Clearly there is a distinction between subject matter jurisdiction and personal jurisdiction.[1]

---

[1] In this appeal, appellee relies on authority relative to dismissal for want of personal jurisdiction as support for affirming the trial court's subject matter jurisdiction determination, citing to *Hunter v. Rhino Shield,* 2018-Ohio-2371, 155 N.E.3d 22 (10th Dist.). Appellee otherwise cites to case law regarding jurisdiction to hear an administrative appeal, which has no application to the present matter. *See Huntsman v. State,* 5th Dist. Stark No. 2016CA00206, 2017-Ohio-2622.

{¶ 13} Subject matter jurisdiction concerns the authority of the court, and may not be waived. *In re Burton S.,* 136 Ohio App.3d 386, 391, 736 N.E.2d 928 (6th Dist.1999). Appellant invoked the subject matter jurisdiction of the trial court by filing her complaint. (Citation omitted.) *Id.* Personal jurisdiction, on the other hand, is obtained through service of process or voluntary appearance, and unlike subject matter jurisdiction, may be waived. *Id.,* citing *Maryhew v. Yova,* 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). A party waives the defense of lack of jurisdiction over the person if they fail to raise it by responsive pleading or motion, prior to filing an answer. Civ.R. 12(B) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."); *see also In re Burton S.* at 392 (failure to challenge personal jurisdiction prior to answer results in waiver).

{¶ 14} In this case, appellee moved to dismiss for want of subject matter jurisdiction, raising argument relative to personal jurisdiction. Because appellant's claim was within the authority of the trial court to adjudicate, the trial court entered dismissal for want of subject matter jurisdiction in error. Accordingly, appellant's first assignment of error is well-taken.

{¶ 15} In the second assignment of error, appellant argues the trial court erred in failing to consider her objections and motion to strike appellee's pleadings and motion. Appellant bases her argument, in this regard, on the trial court's adverse ruling in favor of appellee. Moreover, while there is nothing in the record indicating the trial court

6.

expressly ruled on the motion to strike, we need not reach this issue on appeal. Based on our resolution of the first assignment of error, this issue is moot as we must remand the matter for determination of the alternative relief sought by appellee before the trial court, change of venue. We further note that Civ.R. 3(D) requires transfer of an improperly venued case, and not dismissal. *See Wilson v. Altier,* 6th Dist. Lucas No. L-02-1274, 2003-Ohio-892, ¶ 4, citing *State ex rel. Ohio State Racing Comm. v. Walton,* 37 Ohio St.3d 246, 247, 525 N.E.2d 756(1988) ("if a lawsuit is filed in an improper venue, transfer to the correct forum is the appropriate action, rather than a complete dismissal of the complaint.").

## IV.    Conclusion

{¶ 16} Based on the foregoing, we reverse the judgment of the Erie County Court of Common Pleas, and remand the matter for consideration of appellee's motion seeking a change of venue as provided by Civ.R. 3(C) and (D). Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.