[Cite as *Booker v. RSH 506, L.L.C.*, 2025-Ohio-1375.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kierra Booker

    Appellant

v.

RSH 506 LLC, d/b/a Canyon
Cove Villas

    Appellee

Court of Appeals No.  L-24-1225

Trial Court No.  CVG024004821

**<u>DECISION AND JUDGMENT</u>**

Decided:  April 17, 2025

* * * * *

Christina Rodriguez, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this appeal, the tenant-appellant, Kierra Booker, appeals an August 26, 2024 judgment by the Toledo Municipal Court, Housing Division, that found it lacked subject matter jurisdiction to adjudicate her housing dispute against RSH 506 LLC, d/b/a/ Canyon Cove Villas, the landlord-appellee herein.  Because we find that the trial court has jurisdiction, we reverse and remand this case for consideration of Booker's claim.

## I. Background

{¶ 2} Booker rents a residence from Canyon Cove Villas on Spring Hollow Drive in Toledo for $1,002 per month. Booker receives a monthly "Housing Choice Voucher" that covers $997 of her rent, and Booker pays the remainder, i.e. $5.

{¶ 3} On March 25, 2024, Booker filed an "Application for Tenant Rent Escrow" in the trial court. In the application, Booker claimed that she gave written notice to landlord on February 12, 2024, that it was in noncompliance with R.C. 5321.04, specifically that Booker's residence lacked "adequate heat, as the heating has to be turned to the maximum setting to achieve any heat, which is still not sufficient to heat her home." Booker further complained that "[t]he air output vents do not work throughout her home, and any heat from the furnace radiates from the furnace when it is on." Booker claimed that landlord failed to remedy the conditions and that a reasonable time had passed given the severity of the condition and the time necessary to remedy it. Pursuant to R.C. 5321.07(B)(2), Booker requested that the court order the conditions corrected and that her rent be reduced.

{¶ 4} The matter was heard by a magistrate on August 14, 2024. By order journalized on August 26, 2024, the magistrate found Booker's "motion for an order pursuant to R.C. 5321.07" well-taken.[1] It ordered that landlord "immediately complete

---

[1] The magistrate's decision refers to Booker's "application" for tenant rent escrow and a "motion" pursuant to R.C. 5321.07." The record before us includes only the application.

2.

all repairs and maintenance to the heating and air conditioning systems . . . necessary to ensure these systems are put into and remain in good working order." The magistrate further ordered that tenant "may terminate her lease without penalty when she so chooses."

{¶ 5} Upon review of the "proposed judgment entry," the trial court decided the matter "on different grounds." It determined that it lacked subject matter jurisdiction over Booker's application because "no money [was] entered into escrow," which the court found was a "condition precedent" to establishing its subject matter jurisdiction. On that basis, the court dismissed Booker's application.

{¶ 6} Booker appealed and raises two assignments of error for our review.

> I. The trial court improperly dismissed, sua sponte, Appellant's cause of action for want of subject matter jurisdiction because the discretionary language of R.C. 5231.07 does not require that a tenant *must* deposit rent with the court prior to seeking remedies available pursuant to R.C. 5321.07(B)(2), (3); and

> II. [T]he trial court was not divested of subject matter jurisdiction because R.C. 1901.181(A)(1) establishes "exclusive jurisdiction" in the housing division of the Toledo Municipal Court over, *inter alia,* "any civil action commenced pursuant to Chapter 1923, or 5321. . . of the Ohio Revised Code."

## II. The trial court had subject matter jurisdiction over this case.

{¶ 7} We begin with Booker's second assignment of error regarding the trial court's dismissal of her application on jurisdictional grounds. We apply a de novo standard of review to the dismissal of a case due to the lack of subject matter jurisdiction.

3.

*Duke Energy One, Inc. v. Cincinnati State Tech. & Cmty. Coll.*, 2022-Ohio-924, ¶ 12 (1st Dist.), citing *Cirino v. Ohio Bur. of Workers' Comp.,* 2018-Ohio-2665, ¶ 17.

{¶ 8} "Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta,* 2014-Ohio-4275, ¶ 19. Courts exercise "'only such jurisdiction as is conferred to them by the Constitution or by the Legislature acting within its constitutional authority.'" *Watson v. Rankin-Thoman, Kinman-Kindell, Co.,* 2022-Ohio-2811, ¶ 10 (6th Dist.), quoting *Miller v. State,* 147 Ohio App.3d 360 (6th Dist.). Subject matter jurisdiction "is determined without regard to the rights of the individual parties involved in a particular case." *Id.* "When a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Watson* at ¶ 10, quoting *Ostanek v. Ostanek,* 2021-Ohio-2319, ¶ 2.

{¶ 9} As relevant here, the General Assembly created a housing division in the Toledo Municipal Court, under R.C. 1901.011, and defined the court's subject matter jurisdiction, under R.C. 1901.181. The latter statute, entitled "Exclusive jurisdiction of housing divisions," provides, in relevant part, that, "if a municipal court has a housing or environmental division, the division has exclusive jurisdiction within the territory of the court . . . in any civil action commenced pursuant to Chapter 1923 or 5321." *Id.*

{¶ 10} "A court's subject matter jurisdiction is invoked by the filing of a complaint." *In re Burton S.,* 136 Ohio App.3d 386, 391 (6th Dist.1999). Here, Booker

4.

invoked the subject matter jurisdiction of the trial court with the filing of her

"Application for Tenant Rent Escrow [R.C.] 5321.07(B)(1)." Therefore, because

Booker's claim was within the authority of the trial court to adjudicate, the court erred in

dismissing the application for want of subject matter jurisdiction. *Accord Watson* at ¶ 14

("Because appellant's claim was within the authority of the trial court to adjudicate, the

trial court entered dismissal for want of subject matter jurisdiction in error.").

Accordingly, Booker's second assignment of error is found well-taken.

### III. The trial court erred in determining that Booker's application under R.C. 5321.07 is barred due to her failure to deposit rent into an escrow account.

{¶ 11} In her first assignment of error, Booker challenges the trial court's

determination that a "condition precedent" to seeking relief under R.C. 5321.07 is that the

tenant "must deposit and continue to deposit rent with the court." In its judgment, the

court found that "no money is entered into escrow in this action" and, even though

Booker's "monthly rent [is] $5.00," the duty to deposit rental funds remains if the amount

"is more than $0." As we found in the previous section, the trial court's conclusion—that

Booker's failure to deposit rent "rob[bed]" it of jurisdiction—is legally incorrect. In this

section, we address the trial court's conclusion that Booker's failure to deposit rent with

the clerk of courts bars her application for relief. The question of law at issue here is one

of statutory construction, which we review de novo. *Willow Grove, Ltd. v. Olmsted Twp.*

*Bd. of Zoning Appeals,* 2022-Ohio-4364, ¶ 16.

5.

{¶ 12} "Ohio's Landlord and Tenants Act imposes duties on landlords which were absent at common law. The General Assembly enacted R.C. 5321.07 to provide tenants with leverage to redress breaches of those duties." *Miller v. Ritchie*, 45 Ohio St.3d 222, 224 (1989).

{¶ 13} R.C. 5321.07 ("Notice to remedy conditions; rent withholding; other remedies; exceptions") provides, in relevant part,

> (A) If a landlord fails to fulfill any obligation imposed upon him by section 5321.04 of the Revised Code. . . the tenant may give notice in writing to the landlord, specifying the acts, omissions, or code violations that constitute noncompliance. . .
> (B) If a landlord receives the notice described in division (A) of this section and after receipt of the notice fails to remedy the condition within a reasonable time considering the severity of the condition and the time necessary to remedy it, or within thirty days, whichever is sooner, and if the tenant is current in rent payments due under the rental agreement, ***the tenant may do one of the following***:
> (1) Deposit all rent that is due and thereafter becomes due the landlord with the clerk of the municipal or county court having jurisdiction in the territory in which the residential premises are located;
> (2) Apply to the court for an order directing the landlord to remedy the condition. As part of the application, the tenant may deposit rent pursuant to division (B)(1) of this section, may apply for an order reducing the periodic rent due the landlord until the landlord remedies the condition, and may apply for an order to use the rent deposited to remedy the condition. ***In any order issued pursuant to this division, the court may require the tenant to deposit rent with the clerk of court as provided in division (B)(1) of this section***.
> (3) Terminate the rental agreement. (Emphasis added.)

{¶ 14} In other words, "[w]hen a landlord fails to maintain rental property in accordance with statutory or contractual obligations, R.C. 5321.07 allows a tenant to: (1) deposit [escrow] rent with the court; (2) apply for a court order directing the landlord to

6.

remedy the condition, or (3) terminate the rental agreement. As a prerequisite to utilizing these remedies, the tenant must be current in rent payments and must notify the landlord in writing of these violations." *Miller* at 224.

{¶ 15} Here, Booker opted for the relief set forth in R.C. 5321.07(B)(2), i.e. by filing an application for a court order directing the landlord to remedy the heating issues previously described. That provision, R.C. 5321.07(B)(2), clearly allows, but does not mandate, that a tenant deposit rent "[a]s part of the application." On the other hand, that provision authorizes a trial court to "require" a tenant to deposit rent. Thus, although Booker was not required to deposit rent with the clerk at the time of filing her application, the trial court is authorized to require it, to the extent it deems necessary. Here the trial court made no such requirement.

{¶ 16} Based on the above, we find that the trial court erred in finding that Booker's application was barred for her failure to deposit rent with the clerk. Therefore, we find Booker's first assignment of error well-taken.

### IV. Conclusion

{¶ 17} As set forth above, we find Booker's assignments of error well-taken. Therefore, we reverse the August 26, 2024 judgment of the Toledo Municipal Court, Housing Division, and remand the matter for consideration of the magistrate's August 26, 2024 decision, pursuant to Loca Rule 4(F) of the Toledo Municipal Court. Landlord-

7.

appellee, who did not file a brief in this matter, is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                      _____
                                                                      JUDGE

Gene A. Zmuda, J.

                                                  _____
Myron C. Duhart, J.                                          JUDGE
CONCUR.

                                                  _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.